UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| HELENA CHEMICAL COMPANY, as servicing agent for Helena Funding Corporation, and HELENA SERVICES CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> BILLY W. HUGGINS and HUGGINS FARM SERVICE, INC. <br><br> Defendants. | Civil Action No.: 4:06-cv-2583-RBH <br><br><br><br><br><br><br> **ORDER** |

Pending before the court are: 1) Defendants' [Docket Entry #16] motion to dismiss or, in the alternative, stay the proceedings; 2) Plaintiffs' [Docket Entry #24] motion for preliminary injunction; 3) Plaintiffs' [Docket Entry #39] motion to compel; 4) Plaintiffs' [Docket Entry #40] motion to compel; and 5) Plaintiffs' [Docket Entry #51] motion to amend amended complaint. A hearing was held on these motions on May 25, 2007.

### Factual and Procedural Background

Plaintiffs, Helena Chemical Company and Helena Services Corporation, (collectively referred to as "Helena Chemical"), commenced this action on September 18, 2006 against Defendants Billy W. Huggins, Huggins Farm Service, Inc., and Pee Dee Farms Corporation alleging causes of action for: 1) Guaranty of a Sales Agreement; 2) Breach of Contract; and 3) Unjust Enrichment. Before Defendants answered the complaint, Helena Chemical filed an amended complaint omitting Pee Dee Farms Corporation as a defendant.

Defendants, Billy W. Huggins and Huggins Farm Service, Inc., (collectively referred to as "Huggins"), are also defendants, along with Carolyn H. Doyle d/b/a Pee Dee Farms Company ("Doyle"), in a pending state court action captioned <u>Pee Dee Stores, Inc. v. Carolyn Doyle, et al.</u>, C.A No. 2006-CP-26-970 (the "state action"), which was commenced on February 28, 2006. The state action arose from a lease agreement between Pee Dee Stores, Inc. and Doyle. Huggins occupied a building on the leased premises in furtherance of its business.

In the state action, Huggins and Doyle filed counterclaims and third-party claims against Pee Dee Stores, Inc. and Helena Chemical Company, alleging, among others things, claims for civil conspiracy and violations of South Carolina's Unfair Trade Practices Act on the theory that Helena Chemical Company and Pee Dee Stores, Inc. had conspired to oust Huggins and Doyle from the leased premises and to destroy Huggins' business.

On April 19, 2006, Helena Chemical Company moved to dismiss, or in the alternative, strike, the third party complaint in the state action. By Order dated January 9, 2007, Helena Chemical Company's motion was denied. On January 18, 2007, Helena filed a motion to reconsider the Circuit Court's January 9, 2007 Order. In an Order dated March 26, 2007, the Circuit Court granted Helena Chemical Company's motions to reconsider and strike the third-party complaint, thereby dismissing Helena Chemical Company from the state action.

In its Order, the Circuit Court noted that Helena Chemical Company was not a party to the lease agreement, which gave rise to the original complaint in the state action.[1] The Circuit Court also

---

[1] Order Granting Third Party Defendant Helena Chemical Company's Motion to Reconsider, Granting Helena's Motion to Strike Third Party Complaints, and Denying Defendants' Motion to Amend Pleadings, at pg. 7, C.A. Nos. 2006-CP-26-970 and 2006-CP-26-1047.

2

noted that the third-party complaint was not based upon Pee Dee Stores, Inc.'s claims against Doyle and Huggins.[2] As a result, it was not possible for Doyle and Huggins to transfer their liability on the original complaint to Helena Chemical Company.[3] The Circuit Court concluded that the third-party complaint did not satisfy Rule 14 of the South Carolina Rules of Civil Procedure and should be stricken.[4]

Additionally, the Circuit Court found that on or about August 30, 2006, Huggins and Doyle executed a settlement agreement with Pee Dee Stores, Inc. which resolved all issues "involving the premises, the store, any business on the premises, and/or the relationship between Pee Dee Stores, Inc. and the Defendants."[5] The Circuit Court reasoned that if "Doyle and Huggins do not have any liability for the Complaints, clearly no liability can be shifted from Doyle and/or Huggins to Helena pursuant to a proper third-party complaint under Rule 14."[6]

Huggins and Doyle filed a Notice of Appeal with the South Carolina Court of Appeals on March 29, 2007. On April 11, 2007, Helena Chemical Company filed a Motion to Dismiss the Appeal. Huggins and Doyle thereafter filed their Return to Helena's Motion to Dismiss on April 19, 2007. The appeal is currently pending with the South Carolina Court of Appeals.

---

[2] *Id*.

[3] *Id*.

[4] *Id*.

[5] *Id*.

[6] *Id*. at 7-8.

**Motion to Dismiss or, in the alternative, Stay the Proceedings**

Huggins' motion to dismiss is based on the abstention doctrine, which provides that federal courts may abstain from exercising jurisdiction over a case if: 1) there is a parallel state court proceeding; and 2) exceptional circumstances exist that would warrant abstention. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). Regarding the exceptional circumstances that may warrant abstention, six factors have been identified to guide a federal court's analysis of whether it should abstain from hearing a case pending in state court:

> (1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

*Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 463-64 (4th Cir. 2005); *Colorado River*, 424 at 813.

"Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991). Huggins argues that it is clear that identical parties (Helena Chemical and Huggins) will litigate substantially the same issues (monies owed pursuant to a business relationship between Helena Chemical and Huggins) in different forums.

"[F]ederal courts have a strict duty to exercise jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). This duty is not absolute

and federal courts may decline to exercise their jurisdiction in exceptional circumstances "where denying a federal forum would clearly serve an important countervailing interest." *Quackenbush*, 517 U.S. at 716.

Huggins argues that exceptional circumstances exist which warrant abstention. Huggins contends: 1) there is a risk of an inconsistent outcome between the federal and state action; 2) the state court proceedings are adequate to protect the parties' rights; and 3) the state court action has priority over the federal action as the state court action was filed 7 months before the federal action. Huggins also contends that they will plead and rely on the same facts and claims as those pled in the state action.

Abstention is not appropriate in this case because the pending state action is not a parallel proceeding. Additionally, assuming arguendo that the state action is a parallel proceeding, exceptional circumstances that would warrant abstention do not exist.

The pending state and federal actions involve different issues and different parties. The state action arises from a dispute concerning a lease agreement between Doyle and Pee Dee Stores, Inc. The federal action involves Helena Chemical's claims for guaranty, breach of contract, and unjust enrichment. Helena Chemical's proposed second amended complaint seeks to add claims for breach of a security agreement, conversion, and violations of the Statute of Elizabeth.[7] Neither Pee Dee Stores, Inc. nor Doyle are parties to the federal action. Helena Chemical was made a party to the state action by virtue of a third-party complaint, which was stricken by a well-reasoned Order by

---

[7] As discussed more fully below, the court intends to grant Helena Chemical's motion to amend amended complaint.

Circuit Judge John L. Breeden. The mere fact that Huggins will raise the same defenses and claims that were raised in the state action does not render the state and federal actions "parallel." Huggins ignores that Helena Chemical raises claims in this case that are entirely separate from the state action.

Even assuming the state and federal proceedings are parallel, there are no exceptional circumstances that would warrant abstention. Importantly, given the current posture of the state action, it is certainly not assured that the claims and counterclaims raised in this case will ever be litigated in the state action. As such, it cannot be said with any certainty that the state action will adequately protect the parties' rights. There has been no allegation that the federal forum is an inconvenient one. With regard to the desirability of avoiding piecemeal litigation, there is no indication that piecemeal litigation will result if this court retains jurisdiction over this case, especially in light Judge Breeden's Order striking the third-party complaint and dismissing Helena Chemical Company from the state action.

In sum, because there is no parallel state proceeding and no exceptional circumstances that would warrant abstention, Huggins' motion to dismiss or, in the alternative, stay the proceedings is DENIED.

### Motion for Preliminary Injunction

Helena Chemical's motion for preliminary injunction requests that Huggins be: 1) ordered to immediately cease and desist from selling, transferring, leasing, or otherwise disposing of any of the collateral or any interest referenced in the Security Agreement; 2) ordered to refrain from taking any actions that would impair the collateral referenced in the Security Agreement; and 3) ordered to preserve and hold in trust all proceeds related to the collateral referenced in the Security Agreement.

6

Helena Chemical also seeks attorney fees and costs.

Four factors must be considered in order to determine whether or not a preliminary injunction should be granted: 1) the likelihood of harm to the plaintiff if the preliminary injunction is not granted; 2) the likelihood of harm to the defendant if the preliminary injunction is granted; 3) the likelihood that the plaintiff will succeed on the merits; and 4) the public interest. *Hughes Network Systems, Inc. v. International Communications Corp.*, 17 F.3d 691, 693 (4th Cir. 1994); *Blackwelder Furniture Co. v. Seilig Manuf. Co.*, 550 F.2d 189, 195-196 (4th Cir. 1977).  The party seeking an injunction has the burden of making a "clear showing" of immediate irreparable injury if the injunction is not granted. *Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 812 (4th Cir. 1991).  Preliminary injunctions are seldom granted due to the incomplete nature of the record and the potential for repetitive litigation. *Hughes*, 17 F.3d at 693.  Furthermore, "[w]here the harm suffered by the moving party may be compensated by an award of money damages, courts generally have refused to find [the] harm irreparable." *Id*. at 694.

Helena Chemical has submitted evidence which states that Huggins is selling large pieces of equipment that are collateral under the Security Agreement without providing written notice to Helena Chemical as required by the Security Agreement.  Helena Chemical argues that Huggins' actions show that Huggins is attempting to dispose of assets without Helena Chemical's knowledge.  The Fourth Circuit held in *United States ex rel. Taxpayers Against Fraud v. Singer Co.* that a preliminary injunction was appropriate where the principal defendant was insolvent and its assets were in danger of dissolution and depletion. 889 F.2d 1327 (4th Cir. 1989).

Helena Chemical has not met its burden of showing irreparable injury, absence of harm to

Huggins, likelihood of success on the merits, or that public interest is in favor of granting the injunction. Helena Chemical has not made a clear showing that Huggins will be insolvent before a final judgment can be entered in this action. In their proposed second amended complaint, Helena Chemical seeks, among other things, money damages for breach of the Security Agreement and conversion. Other than vague, conclusory statements that Huggins will be insolvent before this litigation is concluded, Helena Chemical has made no showing that Huggins is in danger of insolvency. Consequently, Helena Chemical has not shown that they will suffer immediate irreparable harm if the injunction is not granted.

Huggins argues that they will suffer harm if prevented from selling business equipment to willing buyers while this case is pending. Balancing the equities, it appears that Huggins will suffer more harm if the injunction is granted than Helena Chemical if the injunction is denied.

In light of the fact that this case is in its early stages and discovery has yet to be exchanged between the parties, the court is not in the position to determine the likelihood of success on the merits of either party's case. However, Huggins contends that they never entered into a Security Agreement with Helena Chemical. Huggins also contends that other documents allegedly executed by the parties contain Huggins' forged signature. Given Huggins' contentions regarding the authenticity of the Security Agreement and the early stage of this case, Helena Chemical has not demonstrated a likelihood of success on the merits.

Finally, public interest considerations do not favor the issuance of an injunction in this case. First, the authenticity of the Security Agreement Helena Chemical seeks to enforce is contested. Public interest would best be served if the authenticity of the Security Agreement is determined

8

through adjudication on the merits.  Notably, Helena Chemical has sought money damages for the harm it has allegedly suffered as a result of the alleged breach of the Security Agreement and there is no indication that Huggins is insolvent.  To issue a preliminary injunction under these circumstances would be premature and inappropriate.

For the foregoing reasons, Helena Chemical's motion for preliminary injunction is DENIED.

## Motions to Compel

At the hearing on these motions, the parties indicated that they would attempt to resolve the discovery conflict underlying the motions to compel.  The deadline for responding to these motions was May 29, 2007.  No response to these motions has been filed.  The court, therefore, concludes that the parties have resolved their discovery conflict.  As a result, Helena Chemical's motions to compel are deemed MOOT.  Helena Chemical may refile their motions to compel in the event they do not receive the requested discovery responses.

## Motion to Amend Amended Complaint

Helena Chemical's motion to amend amended complaint seeks to add claims of conversion, violations of the Statute of Elizabeth, and breach of the Security Agreement, in addition to attorney fees and costs.

Amendment of a complaint is governed by Federal Rule of Civil Procedure 15(a) and provides that "a party may amend the party's pleading . . . by leave of court . . . and leave shall be freely given when justice so requires."  In *Foman v. Davis*, the Supreme Court stated that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent

or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" 371 U.S. 178, 182 (1962).  Absent a substantial reason to deny leave to amend, amendment generally is permitted.  *Ward Electronics Service, Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987).

Helena Chemical's proposed amendment is timely and they have not failed to cure deficiencies in the complaint by amendments previously allowed.  Huggins will suffer no prejudice if the proposed amendment is allowed.  Helena Chemical's proposed amendment at this early stage of the litigation appears to be made in good faith and will not prolong discovery, or create surprise at trial.  Accordingly, Helena Chemical's motion to amend is GRANTED.

## Conclusion

For the reasons stated above: 1) Defendants' [Docket Entry #16] motion to dismiss or, in the alternative, stay the proceedings is **DENIED**; 2) Plaintiffs' [Docket Entry #24] motion for preliminary injunction is **DENIED**; 3) Plaintiffs' [Docket Entry #39] motion to compel is deemed **MOOT**; 4) Plaintiffs' [Docket Entry #40] motion to compel is deemed **MOOT**; and 5) Plaintiffs' [Docket Entry #51] motion to amend amended complaint is **GRANTED**.

**IT IS SO ORDERED**.

Florence, South Carolina  
June 8, 2007

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge