IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Helena Chemical Company, as servicing agent for Helena Funding Corporation and Helena Services Corporation, | ) ) ) C.A. No.: 4:06-02583-RBH |
| Plaintiff, | ) ) ) |
| vs. | ) **O R D E R** |
| Billy W. Huggins and Huggins Farm Service, Inc., | ) ) ) |
| Defendant. | ) ) ) ) |

This matter is before the Court on the plaintiff's [160] Motion to Transfer Case to the Nonjury Roster and [169] Defendant's Motion for Jury Trial.

Plaintiff contends that Defendants failed to request a jury trial in their pleadings and thereby waived their right to a jury trial. Plaintiff also contends that the parties waived the right to a jury trial in the promissory note allegedly executed by them. Defendants state that they did not request a jury trial in their pleadings but that the action has always been treated as one for jury trial. They also contend that they are challenging the authenticity of the note and that they should be given a jury trial on the issues.

The procedural history of this matter is that the action was commenced on September 18, 2006 against Billy W. Huggins and Huggins Farm Service, Inc. and Pee Dee Farms Corporation alleging claims pursuant to a Guaranty, breach of contract, and unjust enrichment. Plaintiff then filed an Amended Complaint on October 4, 2006, omitting Pee Dee Farms Corporation as a defendant. On October 30, 2006, Defendants filed a motion to dismiss the plaintiffs' action based on a pending state court action. This Court denied the motion, and the defendants filed an Answer and Counterclaims on

1

April 27, 2007. On the same date, Defendants also filed their Local Rule 26.01 Answers to Interrogatories (Docket Entry #33). In this document, Defendants in fact requested a jury trial "as to each of their claims based on Defendants' allegations." On May 22, 2007, the plaintiffs moved to amend their Complaint which the Court granted. A Consent Amended Scheduling Order was entered by the Court on June 5, 2007 which included a jury selection deadline of February 6, 2008. (Docket Entry #58). A Consent Amended Scheduling Order was entered on October 15, 2007 extending various deadlines, including the jury selection deadline. Yet another Consent Amended Scheduling Order was entered on February 26, 2008 which again extended the jury selection deadline. The Court issued Notices of Jury Selection on September 15, 2008 and October 2, 2008, although the cases were continued. Plaintiff filed requests for voir dire and proposed jury instructions on September 30, 2008.

Fed. R. Civ. P. 38(b) provides that, on any issue triable of right by a jury, a party may demand a jury trial by (1) serving the other parties with a written demand-which may be included in a pleading- no later than 10 days after the last pleading directed to the issue is served . . ." Fed. R. Civ. P. 39(b) provides that the court may, on motion, "order a jury trial on any issue for which a jury might have been demanded." Factors to be considered in deciding whether to grant a motion for jury trial under Rule 39(b) include: "(1) whether the issues are more appropriate for determination by a jury or a judge (i.e., factual versus legal, legal versus equitable, simple versus complex); (2) any prejudice that granting a jury trial would cause the opposing party; (3) the timing of the motion (early or late in the proceedings); [and] (4) any effect a jury trial would have on the court's docket and the orderly administration of justice." *Malbon et al. v. Pennsylvania Millers Mutual Ins. Co.*, 636 F.2d 936, 941 (4th Cir. 1980).

By filing the Rule 26.01 Answers to Interrogatories on April 27, 2007, the same date as the Answer and Counterclaims was filed, the defendants in fact made a timely demand for a jury trial

pursuant to Rule 38. Therefore, the Court finds that the defendants did not waive their right to a jury trial by failing to include it in their pleadings.

As to the argument by the plaintiffs that the right to a jury trial was waived in the promissory note, the plaintiffs have contended in their Seventh Defense issues regarding whether the note was signed by the defendants and whether it was a true and correct copy of the original. Therefore, the Court cannot find at this time that the right was waived in the note. Additionally, the named lender in the promissory note is "Helena Chemical Company d/b/a Helena Finance." Defendants' claims in this action are against "Helena Chemical Company".

In further support of its finding that the motion to transfer the case to the nonjury roster should be denied and the motion for jury trial should be granted, the Court notes that the plaintiff had never raised this issue until November 26, 2008, after the case had been on two jury trial calendars and the parties had already prepared for a jury trial. The case contains common law claims as to which a trial by jury may be demanded. No prejudice will result to the plaintiffs if the case is tried before a jury, and there are many factual issues to be resolved.

Based on the arguments of the defendants, and having reviewed the filings by the parties regarding this motion, the plaintiff's [160] motion to transfer to nonjury roster is **DENIED**. The Defendant's [169] motion for jury trial is **GRANTED**.

**AND IT IS SO ORDERED**.

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, S.C.  
December 31, 2008